UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES CANTY JR.,

        Plaintiff,

-against-

OFFICE OF TEMPORARY AND
DISABILITY ASSISTANCE, THE STATE OF
NEW YORK; THE CITY OF NEW YORK
COPORATION COUNCIL; THE NEW YORK
CITY POLICE DEPARTMENT,

        Defendants.

17-CV-4221 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff James Canty Jr. is proceeding *pro se* and *in forma pauperis*. Plaintiff's original complaint was brought against the City of New York Department of Housing, Preservation & Development; Gotham Building and Maintenance; NAICA; D.H.S.; C.A.M.B.A. Men's Shelter; Alex Charles, Dept. of Housing, Preservation & Development; Delta Manor; and the City of New York. Using the Court's general complaint form, Plaintiff indicated that the basis for jurisdiction was "Federal Question," and where asked to state which of his federal constitutional or federal statutory rights have been violated, Plaintiff indicated "Job discrimination, prevaling [sic] wage, Fail to provide proper servies [sic] and other." (ECF No. 2 at 2.)

    Plaintiff's complaint was not the model of clarity, making it difficult for the Court to discern his claims. By order dated February 6, 2018, the Court therefore granted Plaintiff leave to amend his complaint. The Court noted in its February 6, 2018 order that Plaintiff's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure. (ECF No. 8 at 3.) The Court construed Plaintiff's claims as claims arising under 42 U.S.C. § 1983 and granted Plaintiff leave to amend his complaint to allege any facts supporting a claim under the Fair Housing Act

(FHA) and because he alleged that the events giving rise to his claims occurred from 1988 to 1990, the Court also granted Plaintiff leave to address the timeliness of his claims and to allege, if appropriate, why the applicable limitations period should be equitably tolled. (*Id.* at 4-6.) The Court also noted that because Plaintiff alleged that the events giving rise to his claims occurred in Brooklyn, New York, this Court may not be an appropriate venue to address Plaintiff's claims. Plaintiff was therefore also granted leave to allege facts showing that venue is appropriate in this Court. (*Id.* at 7.)

Plaintiff filed an amended complaint on April 6, 2018. Plaintiff's amended complaint, much like his original complaint, is not the model of clarity. Plaintiff now names as Defendants: the Office of Temporary and Disability Assistance, the State of New York; the City of New York, Corporation Council [sic]; and the New York City Police Department. Using the Court's general amended complaint form, Plaintiff indicates that the basis for jurisdiction is "Federal Question," and where asked to state which of his federal constitutional or federal statutory rights have been violated, Plaintiff indicates "Employment Discimination [sic]." (ECF No. 9 at 2.) He alleges that the events giving rise to his claims occurred at 430 New Jersey Avenue, Brooklyn, New York 11207, Apt. 1L. He also indicates the following dates of occurrence: "03-13-89, 5-1-90, 8-31-16, 8-7-06, 09-13-2017." (*Id.* at 5.)

Plaintiff alleges the following facts in his amended complaint. He was the superintendent of ten buildings located in Brooklyn, New York, and as the superintendent, he lived, rent-free, in an apartment in one of the buildings. After he finished work one day, he went to his apartment and the tactical narcotics team broke down his door and arrested him for allegedly selling drugs to an undercover officer. The case was eventually dismissed because the police admitted that they made a mistake. But despite the mistake and the fact that the case was dismissed and sealed,

the City of New York evicted Plaintiff from his rent-free apartment. Plaintiff had to apply for public assistance.

In the section of the amended complaint where Plaintiff is asked to describe his injuries, Plaintiff alleges "I do belive [sic] my case should be tolled becaues [sic] I was in Church Avenue Merchants Block Association Hereinafter called CAMBA, a mental health program called M.I.C.A. and other M.I.C.A. Programs and Homeless Shelters for me and my family." (*Id.* at 6.) Plaintiff seeks reinstatement, retirement benefits, lost wages, and monetary damages in the amount of $10 million.

Plaintiff attaches to his amended complaint copies of documents pertaining to his March 13, 1989 arrest; a copy of a February 7, 1990 decision from the Civil Court of the City of New York, County of Kings; and an April 4, 2018 Decision After Fair Hearing from the State of New York, Office of Temporary and Disability Assistance. That decision found that the agency determination that Plaintiff's household was not eligible for public assistance benefits was correct.

## DISCUSSION

The Court has closely scrutinized Plaintiff's complaint and finds that Plaintiff fails to state a claim against Defendants. The Court therefore dismisses the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**A.     Due Process Claim**

To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff names the State of New York, Office of Temporary and Disability Assistance (OTDA) as a Defendant and attaches a copy of an April 2, 2018 decision wherein the OTDA

3

determined that Plaintiff was not eligible for public assistance benefits. (ECF No. 9 at 23.)[1]
Although Plaintiff does not allege any facts regarding the denial of public assistance benefits, the
Court liberally construes Plaintiff's naming OTDA as a Defendant and attaching the OTDA
decision as Plaintiff's asserting a claim under the Due Process Clause of the Fourteenth
Amendment. To state a § 1983 due process claim, a plaintiff must "demonstrate that he possessed
a protected liberty or property interest, and that he was deprived of that interest without due
process of law." *Hynes v. Squillance*, 143 F.3d 653, 658 (2d Cir. 1998); *see Nnebe v. Daus*, 644
F.3d 147, 158 (2d Cir. 2011). "The fundamental requisite of due process of law is the opportunity
to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S.
254, 267 (1970) (citations omitted). Generally, due process requires some kind of hearing prior
to a final deprivation of an individual's liberty or property interest. *See Hodel v. Va. Surface
Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292,
302 (2d Cir. 2003). "[W]here a plaintiff alleges a deprivation of property in violation of the due
process clause, the federal court's initial inquiry must be whether the state has provided adequate
remedies to redress such unlawful acts. If so, there will be no claim before the federal court,
whether or not plaintiff took advantage of the state procedure." *Vialez v. New York City Hous.
Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

Public assistance benefits "have long been afforded constitutional protection as a species
of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d
Cir. 2005) (quoting *Goldberg*, 397 U.S.at 262 & n.8); *see also M.K.B. v. Eggleston*, 445 F. Supp.
2d 400, 432 (S.D.N.Y. 2006) ("Persons who are qualified to receive welfare benefits have a
legitimate claim of entitlement to such benefits."). Once a state agency has determined that an

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

individual qualifies to receive a benefit, the recipient may not be deprived of that benefit without due process of law. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). In the context of public assistance benefits, due process typically requires predeprivation notice and an opportunity to be heard. *Goldberg*, 397 U.S. at 260-61; *Hart v. Westchester Cnty. Dep't of Soc. Servs.*, No. 98-CV-8034, 2003 WL 22595396, at *4 (S.D.N.Y. 2003).

New York State law provides such a postdeprivation remedy. Under New York law, access to postdeprivation process such as a fair hearing pursuant to N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. § 358, and the availability of further review in the state courts in an Article 78 proceeding have been found to be constitutionally adequate procedures to challenge adverse determinations in connection with government entitlement programs. *See Banks v. HRA*, 2013 WL 142374, at *3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-CV-565 (NRB), 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004).

Although Plaintiff has a property interest in his benefits, he does not allege that he was denied a fair hearing. In fact, Plaintiff attaches to his amended complaint proof that a fair hearing was held regarding his benefits. (ECF No. 9 at 23.) Although Plaintiff could have sought review of that decision through an Article 78 proceeding, he does not allege that he did so. Because Plaintiff had a hearing and an opportunity for review of that decision, he fails to state a claim for denial of due process.[2]

---

[2] This court also lacks mandamus jurisdiction to compel Defendants to grant Plaintiff public assistance benefits. Federal courts have no general power to compel action by state officials. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *see also Fullan v. Comm'r of Corr. of N.Y.*, 891 F.2d 1007, 1009-10 (2d Cir. 1989). Nor does this Court sit as a court of appellate review over judgments of state agencies.

**B.      Statute of Limitations**

The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, that period is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002).

Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980). It is clear that Plaintiff knew or should have been aware of his false arrest on March 13, 1989. Plaintiff's complaint was received by the Court on June 5, 2017, more than 27 years after the arrest occurred.

**C.      Equitable Tolling**

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, under New York Law, if a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner*, 2006 WL 2742043, at *5 n.4 (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society"). "[T]the disability must be of a 'severe and incapacitating nature.'" *Thomas v. Harris*, No. 10-CV-4025 (PAE), 2016 WL 4702443, at *5 (S.D.N.Y. Sept. 6, 2016) (quoting *Dumas v. Agency*

6

for Child Dev.−N.Y.C. Head Start, 569 F. Supp. 831, 833 (S.D.N.Y. 1983)). "The plaintiff 'bears the burden of proof on the question of whether a limitations period should be tolled.'" *Id.* (quoting *Keitt v. City of New York,* No. 09-CV-5663 (PKC) (DF), 2010 WL 3466175, at *7 (S.D.N.Y. Aug. 9, 2010), *report and recommendation adopted*, 2010 WL 3466079 (S.D.N.Y. Sept. 2, 2010)).

Here, Plaintiff fails to meet this burden. Rather than providing any *factual* support for his contention that he was unable to function in society from 1989 to 2017, he simply states that he was in a mental health program, M.I.C.A. programs, and homeless shelters with his family. Plaintiff does not attach any documents to his amended complaint that support his contention that the statute of limitations should be tolled. To the contrary, Plaintiff attaches to his complaint a copy of a February 7, 1990 decision from Civil Court of the City of New York, County of Kings. He also attaches records showing medical services he was receiving as far back at March 1, 1991.

Despite Plaintiff's assertion, it appears that he was able and did function in society during the timeframe in question. Based on the foregoing, Plaintiff has not carried his burden of showing he was unable to function in society during that timeframe. There is therefore no reason for the statute of limitations to be equitably tolled. The Court finds that Plaintiff's false arrest claims are time-barred and must be dismissed.

**D.   Venue**

Plaintiff again indicates that the events giving rise to his claims occurred in Brooklyn, New York. Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

> brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). And "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2).

Plaintiff asserts that he was falsely arrested in Kings County (Brooklyn), and this Court is likely not an appropriate venue under § 1391(b)(1) or (2) to consider those claims. Because the Court finds that Plaintiff's false arrest claim is time-barred, the Court declines to transfer this claim to the Eastern District of New York in the interest of justice.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters are terminated.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 24, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge